# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### Southern Division

|  |  |  |
|---|---|---|
| ERICA EDWARDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Case No.: 8:22-CV-01172-TJS |
| | ) | |
| MARYLAND CRIME VICTIMS | ) | |
| RESOURCE CENTER, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Maryland Crime Victims Resource Center, Inc. ("MCVRC" or "Defendant"), by and through undersigned counsel, hereby responds to the allegations in Plaintiff Erica Edwards' ("Ms. Edwards" or "Plaintiff") Complaint (the "Complaint"), and states as follows:

## PARTIES

1. Defendant is without sufficient knowledge as to the allegations in paragraph 1 of the Complaint. To the extent a response is required, the allegations in paragraph 1 are denied.

2. Defendant admits to the allegation in paragraph 2 that MCVRC is a Maryland corporation with its principal place of business located at 1001 Prince George's Blvd., Suite 750, Upper Marlboro, Maryland. Defendant denies the remaining allegations in paragraph 2.

## JURISDICTION

3. The allegations in paragraph 3 of the Complaint call for legal conclusions and, therefore, no response is required. To the extent a response is required, the allegations are denied.

4. The allegations in paragraph 4 of the Complaint call for legal conclusions and, therefore, no response is required. To the extent a response is required, the allegations are denied.

5.    The allegations in paragraph 5 of the Complaint call for legal conclusions and, therefore, no response is required. To the extent a response is required, the allegations are denied.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6.    Defendant admits the allegations in paragraph 6 of the Complaint.

7.    Defendant admits the allegations in paragraph 7 of the Complaint.

## FACTUAL BACKGROUND COMMON TO ALL COUNTS

8.    Defendant is without sufficient knowledge as to the allegations in paragraph 8 of the Complaint. To the extent a response is required, the allegations in paragraph 8 are denied.

9.    Defendant admits the allegations in paragraph 9 of the Complaint.

10.    Defendant denies the allegations in paragraph 10 of the Complaint.

11.    Defendant admits to the allegations in paragraph 11 of the Complaint.

12.    Defendant admits to the allegation in paragraph 12 of the Complaint that after being named Interim Executive Director, Mr. Wolfgang authorized that Catherine Owen, a Victim Advocate at MCVRC, be given a new title as Executive Assistant. Defendant denies the remaining allegations in paragraph 12 of the Complaint.

13.    Defendant admits to the allegation in paragraph 13 of the Complaint that after nearly one year as Interim Executive Director, Mr. Wolfgang asked the Board at its annual meeting to allow him to stay as Executive Director. Defendant denies the remaining allegations in paragraph 13 of the Complaint.

14.    Defendant admits to the allegations in paragraph 14 of the Complaint.

15.    Defendant admits to the allegation in paragraph 15 that from at least September 2016 through September 2020, MCVRC received grant funding, and was a grant recipient, under the federal Victims of Crime Act ("VOCA") Grant Program. Defendant is without sufficient

knowledge to admit or deny the remaining allegations in paragraph 15 of the Complaint. To the extent a response is required, Defendant denies the remaining allegations.

16.     Defendant is without sufficient knowledge to admit or deny the remaining allegations in paragraph 16 of the Complaint. To the extent a response is required, Defendant denies the remaining allegations.

17.     Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 17 of the Complaint. To the extent a response is required, Defendant denies the allegations in paragraph 17.

18.     Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 18 of the Complaint. To the extent a response is required, Defendant denies the allegations in paragraph 18.

19.     Denied.

20.     Denied.

21.     Denied.

22.     Denied.

23.     Denied.

24.     Denied.

25.     Defendant is without sufficient knowledge to admit or deny the allegation in paragraph 25 of the Complaint that the VOCA grant also prohibits the billing of time spent unrelated to its program to receive funds. Defendant denies the remaining allegations in paragraph 25.

26.     Denied.

27.     Defendant admits to the allegation in paragraph 27 of the Complaint that Ms.

Owens was injured in July 2019. Defendant denies the remaining allegations in paragraph 27.

28.     Denied.

29.     Denied.

30.     Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 30 of the Complaint. To the extent a response is required, Defendant denies the allegations in paragraph 30.

31.     Defendant is without sufficient information to admit or deny the allegation in paragraph 31 that Mr. Wolfgang's friend, Jennifer Abell, was furloughed from her position with the March of Dimes. To the extent a response is required, Defendant denies the allegation. Defendant denies the remaining allegations in paragraph 31 of the Complaint.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Denied.

36.     Denied.

37.     Denied.

38.     Denied.

39.     Denied.

40.     Denied.

41.     Denied.

42.     Denied.

43.     Defendant admits to the allegation in paragraph 43 of the Complaint that in December 2019, Mr. Wolfgang and Ms. Edwards interviewed attorneys for open positions.

Defendant denies the remaining allegations in paragraph 43.

44.     Defendant is without sufficient information to admit or deny the allegation in paragraph 44 that another candidate was of Mexican origin with English as her second language. To the extent a response is required, Defendant denies the allegation. Defendant denies the remaining allegations in paragraph 44 of the Complaint.

45.     Denied.

46.     Defendant admits to the allegation in paragraph 46 of the Complaint that Mr. Wolfgang asked Ms. Owen to review the monthly profit and loss reconciliation reports. Defendant denies the remaining allegations in paragraph 46.

47.     Denied.

48.     Defendant admits to the allegations in paragraph 48 of the Complaint that on the evening of Friday, September 18, Mr. Wolfgang notified Ms. Edwards that her employment was terminated and that Mr. Wolfgang did not terminate any other Director. Defendant denies the remaining allegation in paragraph 48 of the Complaint.

49.     Defendant admits to the allegations in paragraph 49 of the Complaint that Mr. Wolfgang offered to let Ms. Edwards stay through the end of the pay period if Ms. Edwards agreed to help Ms. Jacob with financial duties through the end of September. Defendant admits to the allegations that Mr. Wolfgang sent a message to the staff informing them that Ms. Edwards had been terminated and that he had hired Jennifer Abell as the Director of Finance and Operation and that Ms. Jacob would help her. Defendant is without sufficient knowledge to admit or deny that Mr. Wolfgang informed staff about Ms. Edwards' termination on the same evening she was terminated or that he announced the hiring of Jennifer Abell the next day. To the extent a response is required, Defendant denies these allegations. Defendant denies the remaining allegations in

paragraph 49.

50.     Defendant denies the allegation in paragraph 50 of the Complaint that Mr. Wolfgang falsely stated that Ms. Edwards had been terminated for poor performance issues. Defendant admits to the remaining allegations in paragraph 50.

51.     Denied.

52.     Denied.

<u>**COUNT I**</u>

53.     Defendant incorporates by reference the foregoing responses as if fully incorporated herein.

54.     The allegations in paragraph 54 of the Complaint call for legal conclusions, and, therefore, no response is required. To the extent a response is required, the allegations are denied.

55.     Defendant admits to the allegation in paragraph 55 of the Complaint.

56.     Denied.

57.     Denied.

58.     Denied.

<u>**COUNT II**</u>

59.     Defendant incorporates by reference the foregoing responses as if fully incorporated herein.

60.     The allegations in paragraph 60 of the Complaint call for legal conclusions, and, therefore, no response is required. To the extent a response is required, the allegations are denied.

61.     Defendant admits to the allegation in paragraph 61 of the Complaint.

62.     Denied.

63.     Denied.

64. Denied.

## COUNT III

65. Defendant incorporates by reference the foregoing responses as if fully incorporated herein.

66. The allegations in paragraph 66 of the Complaint call for legal conclusions, and, therefore, no response is required. To the extent a response is required, the allegations are denied.

67. Defendant admits to the allegations in paragraph 67 of the Complaint.

68. Defendant admits to the allegation in paragraph 68 of the Complaint that Defendant employs 15 or more employees. Defendant denies the remaining allegations in paragraph 68.

69. Denied.

70. Denied.

## COUNT IV

Count IV was dismissed by the Court's Order dated December 7, 2022.

## COUNT V

75. Defendant incorporates by reference the foregoing responses as if fully incorporated herein.

76. The allegations in paragraph 76 of the Complaint call for legal conclusions, and, therefore, no response is required. To the extent a response is required, the allegations are denied.

77. Defendant admits to the allegation in paragraph 77 of the Complaint.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

## COUNT VI

82.     Defendant incorporates by reference the foregoing responses as if fully incorporated herein.

83.     The allegations in paragraph 83 of the Complaint call for legal conclusions, and, therefore, no response is required. To the extent a response is required, the allegations are denied.

84.     The allegations in paragraph 84 of the Complaint call for legal conclusions, and, therefore, no response is required. To the extent a response is required, the allegations are denied.

85.     Denied.

86.     Denied.

87.     Denied.

88.     Denied.

## COUNT VII

Count VII was dismissed by the Court's Order dated December 7, 2022.

Defendant denies all remaining allegations contained in the Complaint and every cause of action contained therein and demands strict proof thereof. Defendant further denies that Plaintiff was damaged or injured in any sum or sums, or at all, by the acts, omissions, or conduct of Defendant or that Plaintiff is entitled to any relief.

## AFFIRMATIVE DEFENSES

Defendant respectfully gives notice and asserts the following defenses as a matter of law and/or supported by facts to be determined through discovery. The designation of the following affirmative defenses should not be construed as an admission by Defendant of any fact or burden of proof or burden of persuasion, and such burden of proof and persuasion shall be determined according to applicable law.

1.        The Complaint fails to state a cause of action against Defendant.

2.        Plaintiff's alleged damages, if any, did not occur in the manner or to the extent asserted and/or were not caused by the Defendant.

3.        Plaintiff failed to mitigate and/or minimize her damages, if any.

4.        At all times relevant hereto, Defendant acted in good faith and/or with good cause and has not violated any rights which may be secured by Plaintiff under any state or local laws, rules, regulations, codes, or guidelines.

5.        To the extent equitable doctrines such as unclean hands, laches, waiver, and estoppel apply, they bar the relief sought by Plaintiff.

6.        Defendant denies that it committed any act or omission constituting discrimination pursuant to 42 U.S.C. §2000e-2(a)(1), 42 U.S.C. §1981, or Maryland State Government Article § 20-601 *et seq*., and demands strict proof thereof. Defendant asserts that it is not liable to Plaintiff under any theory of law.

7.        Defendant denies that it committed any act or omission constituting retaliation pursuant to 31 U.S.C. §3730(h) or Annotated Code of Maryland, General Provisions Article, § 8-107, and demands strict proof thereof. Defendant asserts that it is not liable to Plaintiff under any theory of law.

8.        With respect to some or all claims brought by Plaintiff, Defendant affirmatively pleads that any acts or omissions which may be found to be in violation of Plaintiff's rights were not willful but occurred in good faith with reasonable grounds for believing that Defendant was in full compliance with the law..

9.        Defendant's actions with respect to Plaintiff were taken for legitimate, non-discriminatory, non-prohibited reasons and/or for good cause.

10.     Defendant reserves the right to rely upon any and all affirmative defenses as they become known during the course of discovery and at trial.

WHEREFORE, having fully answered the Complaint and stated Affirmative Defenses thereto, Defendant Maryland Crime Victims Center, Inc. respectfully requests that this Court enter judgment in its favor and against Plaintiff Erica Edwards, and award Defendant its attorneys' fees and costs.

Dated: December 21, 2022                    Respectfully submitted,


                                            */s/ Brian A. Scotti*
                                            Brian A. Scotti, Esq. (MD Bar No.: 18249)
                                            Courtney R. Abbott, Esq. (MD Bar No.: 16199)
                                            GORDON REES SCULLY MANSUKHANI, LLP
                                            1101 King Street, Suite 520
                                            Alexandria, VA 22314
                                            T: (202) 399-1009
                                            F: (202) 800-2999
                                            bscotti@grsm.com
                                            cabbott@grsm.com
                                            *Counsel for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 21, 2022, I electronically filed the foregoing ***Defendant's Answer Plaintiff's Complaint*** was electronically filed using the Court's CM/ECF e-filing system and served via the Court's e-filing notification system on the following counsel of record:

Marc. E. Pasekoff, Esq.
Shannon Mullins & Wright
124 S. Royal Street
Alexandria, Virginia 22314
mpasekoff@smw.law
*Counsel for Plaintiff*


                                            */s/ Brian A. Scotti*
                                            Brian A. Scotti