**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division**

| | |
|---|---|
| ERICA EDWARDS,<br><br>           Plaintiff,<br><br>           v.<br><br>MARYLAND CRIME VICTIMS'<br>RESOURCE CENTER, INC.,<br><br>           Defendant. | Civil Case No. 8:22-cv-01172-TJS |

**STIPULATED PROTECTIVE ORDER**

To facilitate discovery and protect, pursuant to Federal Rule of Civil Procedure 26(c), the confidentiality of and rights to information and documents disclosed in connection with this litigation, the parties hereby stipulate to the following:

1. <u>Applicability of This Protective Order</u>**.** All non-publicly available information and documents filed with the Court or produced by any party or non-party in discovery in this case shall be governed by this Protective Order.

2. <u>Use of Information Produced Pursuant to This Order</u>. Non-publicly available information and documents produced or exchanged in discovery in this case and designated by a party or non-party as "Confidential" pursuant to the terms of this Protective Order (hereafter referred to as "Confidential Material") shall not be made available to any person or entity except as authorized under this Protective Order. Confidential Material shall be used, by the party or parties to whom the information is produced, solely for the purpose of litigating this case, or any other case involving these parties, including appeals. Such information and material shall not be used or disclosed to any other person or entity for any other use or purpose, unless otherwise agreed

in writing by the producing party or so ordered by a Court. For purposes of this Protective Order, the party or non-party designating information or material as Confidential Material is defined as the "Designating Party." Nothing contained in this Protective Order shall affect the right of a Designating Party to disclose or use her/its own Confidential Material for any purpose.

3. <u>Confidential Information Designation.</u> A party or non-party may designate as "CONFIDENTIAL" any non-publicly available document, material, item, deposition testimony, or information that is filed with the Court, produced in discovery in this action and contains confidential research, development, financial, commercial or technical information, trade secrets or medical information of the Designating Party.

4. <u>Designating and Marking Confidential Material</u>. Confidential Material shall be designated and marked as follows:

a. A document is to be designated as Confidential Material by stamping or writing "CONFIDENTIAL" on the first page of the document and on each page that the Designating Party claims to contain Confidential Material.

b. Information or material produced in an electronic format (such as a CD, DVD, or thumb drive) is to be designated as Confidential Material by marking or labeling the medium container as "CONFIDENTIAL." If any person or entity who receives such a designated device prints or otherwise transfers to another medium any of the information contained on the device, any resulting document or other device shall be marked by that person or entity as Confidential Material in accordance with subsection 4(a) above or this subsection 4(b).

c. A physical exhibit is to be designated as Confidential Material by affixing a "CONFIDENTIAL" label to it.

d. A discovery response is to be designated as Confidential Material by placing, on the first page of the set of responses and on each page that contains information that the Designating Party claims to be Confidential Material, "CONFIDENTIAL."

e. Portions of deposition transcripts (including exhibits) may be designated as Confidential Material (i) by making a statement to that effect on the record, during the deposition, or (ii) by sending notification to that effect, by electronic mail, within five business (5) days of the deposition. In order to retain the confidential designation made pursuant to this paragraph, the Designating Party must, within fifteen (15) calendar days following receipt of a copy of the final deposition transcript, send to all other parties, the court reporter for the deposition, and all other persons known to the Designating Party to have received a copy of the deposition transcript, a letter or other written notice via electronic mail, identifying the pages and lines, and/or exhibits, to be designated as Confidential Material (the "Fifteen Day Notice").  During the time between the deposition and the time when the Designating Party serves the Fifteen Day Notice, all parties or other persons known to the Designating Party to have received a copy of the deposition transcript shall treat such information as "CONFIDENTIAL." Each copy of the transcript and portions thereof so designated shall be marked, by the person receiving the letter or other notice as "CONFIDENTIAL" and shall be governed by the terms of this Protective Order. A party may challenge the Designating Party's designation pursuant to paragraph 10 below.

5. <u>Inadvertent Mis-designation</u>. A Designating Party that inadvertently fails to mark an item as "CONFIDENTIAL" at the time of the production shall have five (5) business days after learning of the inadvertent failure or mistake to correct its failure or mistake. The correction shall be made in writing, may be sent by electronic mail or other means, and shall be accompanied by substitute copies of each item, appropriately marked as Confidential Material. Within five (5)

business days of receipt of the substitute copies, the receiving party shall destroy or return the previously unmarked, or incorrectly marked, items and all copies thereof.

      6. <u>Disclosure of Confidential Materials</u>. Except with the prior written consent of the party asserting the "CONFIDENTIAL" designation, no Confidential Material may be disclosed to any person other than the following (who shall agree to and be subject to the terms of this Order by their signature on Acknowledgement of Protective Order):.

      a. The parties, non-party deponents and witnesses, counsel of record for each party, in-house counsel for corporate parties, their legal associates, their paralegals and their office staff;

          i. Non-party deposition witnesses being shown Confidential Material must sign the Consent Form annexed to this Order before being shown the Confidential Material or, notwithstanding any provision in this Protective Order to the contrary, state on the record their consent to be bound by the terms of this Protective Order. Counsel defending the deponent to which Confidential Information is disclosed during deposition shall provide to counsel for the Designating Party, prior to the start of the deposition, a copy of the executed Consent Form.

      b. Experts and consultants for the purpose of assisting in the preparation of the case or for the purpose of testifying by deposition or at the trial of this matter;

          i. The identification of any non-testifying consultant pursuant to this section shall not waive or detract from any work product protection that would otherwise apply.  Nothing contained in this paragraph shall act as a waiver of the work product doctrine that applies to consulting experts and the consulting experts employed by all parties in this case shall not be subject to subpoenas for documents or depositions, unless the party employing such expert shall timely designate him or her as a testifying expert in this case;

ii. Counsel disclosing Confidential Material to consultants or expert witnesses pursuant to this section shall provide a copy of each executed Consent to opposing counsel as follows: with respect to testifying experts, the executed Consents shall be provided to opposing counsel at the time of service and accompanying the Rule 26(a)(2) Expert Witness Disclosure with respect to each such testifying expert; and, with respect to non-testifying expert consultants, the executed Consents shall be provided to opposing counsel within fifteen (15) business days from the entry of the final judgment in this matter, or at such other time as the Court may direct.

c. Any court reporter or other person authorized or retained to administer oaths and record or transcribe testimony in this action;

d. Any other person ordered by the Court or agreed to in writing by the parties; and

e. The Court and any persons employed by or with the Court whose functions require access to said Confidential Material.

7. <u>Use of Confidential Material by Designating Party</u>. Nothing in this Protective Order limits a party's ability to show materials which that party has designated as "CONFIDENTIAL" to whomever the Designating Party may deem appropriate. Further, nothing in this Protective Order limits a party's ability to show materials designated by another party as "CONFIDENTIAL" to the party that designated the materials as "CONFIDENTIAL," including any present or past officer, director, employee, or representative thereof.  In the event that any question is asked at a deposition with respect to which a party asserts that the answer requires the disclosure of Confidential Material, such question shall nonetheless be answered by the witness fully and completely.

8. <u>Jurisdiction</u>. Each person who consents to receiving Confidential Material under the terms of this Protective Order hereby agrees to subject himself or herself to the jurisdiction of this

Court for purposes of any proceedings relating to the performance under, compliance with, or violation of this Protective Order.

9. Protecting Confidential Materials. Each person who receives any Confidential Material shall exercise due and proper care, in connection with the storage, custody, use, and dissemination of such material, to avoid any intentional or inadvertent disclosure to persons to whom disclosure is not permitted under this Protective Order.

10. Challenging Designation of Material as Confidential. A party may challenge the designation of Confidential Material only as follows:

a. If a party believes that material designated by another party as "CONFIDENTIAL" should not be designated as "CONFIDENTIAL," that party (defined as the "Challenging Party" for purposes of this section) shall provide to the Designating Party written notice of its request to de-designate the material, sent via electronic mail. The Designating Party has seven (7) calendar days from the date that the Challenging Party sends its notice in which to respond, via electronic mail, to the Challenging Party's request. If no response is made by the Designating Party within seven calendar days, the material will be reclassified as requested by the Challenging Party.

b. If the parties cannot resolve their dispute informally, the Challenging Party may request appropriate relief from the Court. The Designating Party bears the burden to establish that the contested material should be protected as Confidential Material under this Order. The material involved shall be treated according to its original designation during the pendency of the challenge.

11. Submitting Confidential Materials to the Court. Where a party seeks to submit to the Court documents which have been designated as "CONFIDENTIAL," the submitting party

shall seek leave to file such material under seal in compliance with Local Rule 5.1 of this Court, unless the party producing such documents designated as CONFIDENTIAL consents in writing to the documents being filed with the Court not under seal.

      12. <u>Information Protected by the Attorney-Client Privilege or the Work Product Doctrine</u>. The production of any document governed by this Stipulation and Order shall be without prejudice to any claim by the producing party or non-party that any such document, or information contained in such document, is privileged or work product within the meaning of Fed. R. Civ. P. 26(b)(5), and no party or non-party shall be held to have waived any of its privilege or work-product rights under Fed. R. Civ. P. 26(b)(5) by such production. If a disclosing party discovers that privileged or work-product protected materials were inadvertently disclosed, that party must, within five (5) business days of learning of the inadvertent disclosure, inform each party to which the documents were produced in writing, and send via electronic mail or other means, that such documents were inadvertently produced and that the disclosing party is not waiving the privilege or work-product protection on those materials. Each such receiving party shall then take reasonable steps to ensure that all copies of those documents, including ESI, are destroyed or returned promptly to the producing party. If data or information has been extracted or copied from a document that is thus subsequently returned, that information and/or data shall be expunged and not used. To the extent, however, that, before being notified of the inadvertent production, the receiving party has in good faith used such information and/or data in documents filed with the Court or at depositions, the receiving party shall have no obligation to expunge such information and/or data from, or otherwise to alter, any such document filed with the Court or the transcript of any such deposition.

      13. <u>Conclusion of Litigation</u>. All provisions of this Protective Order restricting the

communication or use of Confidential Material shall continue to be binding after the conclusion of this action, unless otherwise agreed by all the parties or ordered by the Court. Upon conclusion of the litigation, including the running of any time to appeal or to move for relief under Fed. R. Civ. P. 60(b)(I)-(3), a party in possession of Confidential Material designated by another party, other than that which is contained in pleadings, correspondence, and deposition transcripts, shall either (a) return such documents, no later than thirty (30) calendar days after conclusion of this action, to counsel for the party or non-party who provided such information, or, upon consent of the Designating Party or (b) destroy the documents within that time period and certify in writing within that time period that the documents have been destroyed. Notwithstanding anything in this paragraph to the contrary, counsel for the parties may retain one copy of any document produced in this litigation, including but not limited to pleadings, for archival purposes.

   14. <u>Use of Confidential Material During Court Proceedings</u>. If any Confidential Material is used in any Court pretrial proceeding in this litigation (including, but not limited to, conferences, oral arguments, and hearings), the Confidential Material shall not lose its status as Confidential Material through such use so long as the District Court Judge agrees. The parties shall take all steps reasonably necessary to protect the confidentiality of the Confidential Material during any such use, including, but not limited to, requesting *in camera* proceedings. The terms of this Protective Order do not preclude, limit, restrict, or otherwise apply to the use of documents at trial or any hearing in this case. The parties agree to meet and confer in good faith prior to trial or any hearing in this case to establish procedures for the use of Confidential Material at trial or during the hearing.

   15. <u>Improper Disclosure of Confidential Materials</u>. If any Confidential Material is

disclosed to any person to whom such disclosure is not authorized by this Protective Order, or other than in a manner authorized by this Protective Order, the party responsible for the disclosure shall, upon discovery of the disclosure, immediately inform the Designating Party of all facts pertinent to the disclosure that, after due diligence and prompt investigation, are known to the party responsible for the disclosure (including the name, address, telephone number, and employer of the person to whom the disclosure was made), shall immediately take all reasonable efforts to prevent further disclosure by each unauthorized person who received such information, and shall immediately require each unauthorized person to return all Confidential Material that was improperly disclosed to that person, all copies made of the improperly disclosed Confidential Material, and all documents containing excerpts from or references to the improperly disclosed Confidential Material.

If any party is subpoenaed in another case or served with a document or testimony demand or a court order, and such subpoena or demand seeks Confidential Material, that party shall give written notice to counsel for the Designating Party and allow an opportunity to oppose such subpoena or demand or court order prior to the compliance deadline.

16. <u>No Admissions</u>. Compliance with this Protective Order in no way constitutes an admission by any party that any information designated pursuant to this Protective Order is or is not proprietary, confidential, or a trade secret.

17. <u>Modification of Protective Order</u>. Each party reserves the right to request that the Court modify the terms of this Protective Order in the event that the party believes that a modification is necessary. If such an application is made, all signatories of copies of the Certification, as well as persons described herein, shall remain bound by this Protective Order

unless and until it is modified by the Court.

IT IS SO ORDERED.

                                                                                _____

Hon. Timothy J. Sullivan
United States Magistrate Judge

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| ERICA EDWARDS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MARYLAND CRIME VICTIMS' ) <br> RESOURCE CENTER, INC., ) <br> ) <br> Defendant. ) <br> ) | Civil Case No. 8:22-cv-01172-TJS |

**DECLARATION OF _____ UNDER
STIPULATED PROTECTIVE ORDER**

I, _____ being duly sworn, declare as follows:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

I hereby acknowledge that: (i) I have been given a copy of the Stipulated Protective Order ("Protective Order") in the above-referenced case; (ii) I carefully read the Protective Order; and (iii) I understand and am familiar with the terms of the Protective Order.

I will comply with all of the provisions of the Protective Order. I will hold all Confidential Materials disclosed to me, including the substance and any copy, summary abstract, excerpt, index or description, in confidence, and will not disclose such material to anyone not qualified under the Protective Order. I will not use any Confidential Material disclosed to me for any purposes other than this case.

I will return all Confidential Material that comes into my possession and all documents and

things that I have prepared relating thereto, to counsel for the Party by who I am retained or employed, or from whom I received such material.

I hereby submit to the jurisdiction of the United States District Court for the District of Maryland Southern Division for the purpose of enforcement of the Protective Order in this case.

I declare under the penalty of perjury that the foregoing is true and correct.

_____